UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JOHNSON, | ) | 1:13CV0582 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JAMES GWIN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| JOHN COLEMAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Brian Johnson ("Johnson") has filed a petition through counsel for a writ of habeas corpus, arising out of his 2009 conviction for endangering children and felonious assault, in the Medina County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Johnson raises two grounds for relief:

1. Pervasive prosecutorial misconduct during Petitioner's trial deprived Petitioner of his right to a fair trial, due process and a fair and reliable determination of his guilt as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

2. Petitioner's right to be free from double jeopardy as guaranteed by the Fifth Amendment of the United States Constitution was violated when the same conduct served as the basis for four of his convictions and consecutive sentences.

(Doc. 1, § 12.)

The respondent has filed a motion to dismiss, supplemented, with a reply in support. (Doc. 8, 12, and 11.) Johnson filed an opposition (doc. 9).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals set forth the following factual and procedural background:

> On April 15, 2008, Brian and Carol Johnson gave birth to a son, N.J. On June 6, 2008, the Johnsons brought N.J. into the emergency room after noticing something was wrong with his arm. N.J. was diagnosed with a displaced fracture of the right humerus and twelve additional bone fractures in various stages of healing.
>
> Brian Johnson was indicted on three counts of felonious assault: one count for May 23rd through May 30th; one count for May 31st through June 6th; and one count for June 6th. In addition, Johnson was indicted on five counts of child endangering: two counts covering the time period of May 23rd through May 30th; one count for May 31st through June 5th; one count for May 31 st through June 6th; and one count for June 6th.
>
> A jury found Johnson not guilty of felonious assault for May 23rd through May 30th and guilty of the remaining counts. The court sentenced Johnson to seven years for each of the two felonious assaults, and six years for one of the child endangering charges for May 23rd through May 31st. The court found the remaining child endangering counts were allied offenses of similar import. The court ordered Johnson's sentences to be served consecutively, for a total of twenty years in prison. Johnson appealed and this Court affirmed in part, reversed in part, and remanded for re-sentencing. State v. Johnson, 9th Dist. Medina No. 09CA0054–M, 2011–Ohio–3623.
>
> On remand the trial court conducted several hearings and ultimately sentenced Johnson to seven years on each of the two felonious assault convictions and six months on each of the child endangering convictions. The court found the two felonious assaults were not allied offenses of similar import and ordered the sentences to be served consecutively. The court further ordered the child endangering sentences to be served consecutive to one another, but concurrent to the felonious assault.

(Doc. 12, RX A, at 1-2; State v. Johnson, No. 12CA0050-M, 2013 WL 3944210, at *1 (Ohio Ct. App. July 29, 2013).)

### A. Direct Appeal

Johnson filed a timely direct appeal, which raised the following seven assignments of error:

> 1. The defendant's sentence was in violation of Ohio Revised Code 2945.75(A)(2), because the jury verdict forms did not state the degree of the offense to which the defendant was found guilty and did not delineate any elements that would have elevated the offenses to felonies.
>
> 2. The prosecutor engaged in a pattern of misconduct that permeated the proceeding depriving the defendant of a fair trial.
>
> 3. To the extent that abuse by the prosecutor was not properly objected to, Mr. Johnson received ineffective assistance of counsel.
>
> 4. The convictions of Mr. Johnson were against the weight of the evidence and, further, there was insufficient evidence to support his convictions.
>
> 5. The trial court erred by overruling defendant's motion for a mistrial after the court dismissed the co-defendant's charges pursuant to a Criminal Rule 29 motion for acquittal.
>
> 6. A conviction on Count Two and an acquittal on Count One were inconsistent verdicts and a clear sign of jury confusion.
>
> 7. Convictions on Counts Three and Five and Counts Four and Six were in violation of ORC § 2941.25 and the Double Jeopardy Clause.

(Doc. 1, PX A.) The court of appeals affirmed the convictions, but vacated the sentence "because the jury's verdicts were not sufficient to convict him of the elevated offense levels of child endangering and because the trial court may have sentenced him on allied offenses." (Doc. 8, RX 5, at 2; State v. Johnson, No. 09CA0054-M, 2011 WL 2981699, at *1 (Ohio Ct. App. July 25, 2011).)

Johnson appealed to the Supreme Court of Ohio, presenting the following two propositions of law:

> 1. The prosecutor engaged in a pattern of misconduct that permeated the proceeding and deprived the defendant of a fair trial.
>
> 2. Convictions on Counts Three through Six were in violation of ORC § 2941.25 and the Double Jeopardy Clause.

(Doc. 1, PX B.) The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Dec. 21, 2011. (Doc. 8, RX 6; State v. Johnson, 130 Ohio St.3d 1494, 958 N.E.2d 957 (2011).)

### B. Re-Sentencing

Johnson was resentenced by the trial court on May 4, 2012, reducing his child endangering convictions from felonies to misdemeanors. The court sentenced Johnson to seven years on each of the felonious assault convictions, and six months on each of the child endangering convictions. The court also found the felonious assaults were not allied offenses of similar import, and ordered those sentences to be served consecutively. The court ordered the child endangering sentences to be served consecutively to one another, but concurrent to the felonious assault convictions. (Doc. 8, RX 7.)

Johnson filed a timely appeal of his resentencing on June 4, 2012. (Doc. 8, RX 8.) The state court of appeals reversed the judgment of the trial court on July 29, 2013. (Doc. 12, RX A; Johnson, 2013 WL 3944210.) Specifically, the court reversed the imposition of consecutive sentences on the felonious assault

4

convictions, and remanded for the trial court conduct a new hearing on whether consecutive sentences were appropriate based on the facts of the case. (Doc. 12, RX A, at 4; Johnson, 2013 WL 3944210, at *2.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d

6

Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases). A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

The one-year limitations period for a claim that challenges a resentencing judgment begins on the date that the resentencing judgment becomes final, rather than the date that the original conviction became final. Rashad v. Lafler, 675 F.3d 564, 568-569 (6th Cir. 2012); Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007); Frazier v. Moore, No. 2:05CV1112, 2006 WL 3146436, at *7 (S.D. Ohio Oct.31, 2006), aff'd, 2007 WL 3037256 (6th Cir. Oct. 17, 2007). Because the resentencing judgment is currently still proceeding through the state court system (see doc. 12, RX A), Johnson's second claim regarding his sentencing is not yet final.

The state appeal from Johnson's resentencing, however, does not raise the prosecutorial misconduct claim (his first habeas ground). See generally doc. 12, RX A; Johnson, 2013 WL 3944210. The Ohio Supreme Court dismissed the relevant appeal on Dec. 21, 2011. (Doc. 8, RX 6; State v. Johnson, 130 Ohio St.3d 1494, 958 N.E.2d 957 (2011).) Johnson did not file for certiorari before the United States Supreme Court within the 90 day period allowed, and thus his conviction (as to the first ground) would otherwise be considered "final" on April 2, 2012. Ordinarily, the one-year statute of limitation would not have expired until April 2, 2013, and so Johnson's March 18, 2013, petition would be considered timely filed, as to the first ground. In any event, the first ground has been exhausted on direct appeal.

Previously, the Sixth Circuit had held that the beginning of the one-year statute of limitations period was based on the content of the petitioner's claims. Bachman, 487 F.3d at 984. Under Bachman, then, Johnson's first claim would be considered separately from his second claim, insofar as determining when the claims of his petition were "final." However, this is no longer the case.

The Sixth Circuit recently confirmed that, where a conviction has been affirmed, but there is separate direct review of a new sentence imposed at resentencing, "the new judgment becomes final after direct review of the new sentence." Rashad, 675 F.3d at 568 (citing Burton v. Stewart, 549 U.S. 147 (2007) (per curiam)). Based on the reasoning in Burton, "a habeas petitioner who files his first or sole habeas petition after he is resentenced may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, thereby triggering the statute of limitations clock, until sentencing was completed." Coats v. Sheldon, No. 3:11CV1017, 2012 WL 7037778, at *7 (N.D. Ohio Aug. 20, 2012) (discussing Burton); see also Rashad, 675 F.3d at 568 (limitations period not yet started where direct review of resentencing not complete); Johnson v. Warden, Lebanon Corr. Inst., No. 1:09CV336, 2010 WL 2889056, at *6 (S.D. Ohio June 23, 2010) (limitations period does not begin until both conviction and sentence become final ) (quoting Burton, 549 U.S. at 156-157).

Therefore, the statute of limitations has not begun to run for Johnson's claims, because his resentencing appeal is not complete.

IV. MIXED PETITION

The motion to dismiss is based on the argument that Johnson has not properly exhausted his state court claims. (Doc. 8.) A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). As discussed above, the second ground of the petition has not yet been exhausted.

A "mixed" petition contains both unexhausted and exhausted claims. Pliler v. Ford, 542 U.S. 225, 227 (2004). Johnson's appeal of his resentencing is still proceeding in the state courts, and is not exhausted. The prosecutorial misconduct claim has been exhausted. Where a district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

9

> (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009); Fairchild v. Workman, 579 F.3d 1134, 1155-1156 (10th Cir. 2009).

District courts ordinarily dismiss a mixed petition. Burton, 549 U.S. at 153-154; Rose v. Lundy, 455 U.S. 509, 520-522 (1982); Bowling v. Haeberline, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). Johnson suggests that the court "place this case on its inactive docket," that is, issue a stay. (Doc. 9, at 3.) The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler, 542 U.S. at 230. Here, the limitations period would not expire while Johnson pursues his remedies in state court, because the Sixth Circuit has ruled that the statute of limitations would not begin to run until "judgment became final upon the

10

conclusion of direct review of the new sentence [petitioner] received at resentencing." Rashad, 675 F.3d at 569. Under Rashad and Burton, Johnson is in no danger of losing his claims due to a dismissal at this point.

The motion to dismiss (doc. 8) should be granted.


Dated:   Sept. 6, 2013             /s/ Kenneth S. McHargh
                                                                             Kenneth S. McHargh
                                                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).