UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
BRIAN JOHNSON,                                  :
                                                :   CASE NO. 1:13-CV-00582
             Petitioner,                        :
                                                :
vs.                                             :
                                                :   OPINION & ORDER
                                                :   [Resolving Doc. No. 1, 15, 18, 19]
KEVIN JONES,                                    :
                                                :
             Respondent.                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Kenneth S. McHargh recommends that this Court dismiss Petitioner Brian Johnson's § 2254 petition because it is a mixed petition.[1/] For the following reasons, the Court **ADOPTS** the recommendations of Magistrate Judge McHargh and **DISMISSES WITHOUT PREJUDICE** Johnson's petition.

### I. Factual and Procedural Background

The facts of this case, as found by the Ohio Court of Appeals are as follows:

On April 15, 2008, Brian and Carol Johnson gave birth to a son, N.J. On June 6, 2008, the Johnsons brought N.J. into the emergency room after noticing something was wrong with his arm. N.J. was diagnosed with a displaced fracture of the right humerus and twelve additional bone fractures in various stages of healing.

Brian Johnson was indicted on three counts of felonious assault: one count for May 23rd through May 30th; one count for May 31st through June 6th; and one count for June 6th. In addition, Johnson was indicted on five counts of child endangering: two counts covering the time period of May 23rd through May 30th; one count for May 31st through June 5th; one count for May 31st through June 6th; and one count for June 6th.

A jury found Johnson not guilty of felonious assault for May 23rd through May 30th and guilty of the remaining counts. The court sentenced Johnson to seven years for each of the two felonious assaults, and six years for one of the child endangering

---

[1/] Doc. 15.

Case No. 1:13-CV-00582
Gwin, J.

charges for May 23rd through May 31st. The court found the remaining child endangering counts were allied offenses of similar import. The court ordered Johnson's sentences to be served consecutively, for a total of twenty years in prison. Johnson appealed and this Court affirmed in part, reversed in part, and remanded for re-sentencing.

On remand the trial court conducted several hearings and ultimately sentenced Johnson to seven years on each of the two felonious assault convictions and six months on each of the child endangering convictions. The court found the two felonious assaults were not allied offenses of similar import and ordered the sentences to be served consecutively. The court further ordered the child endangering sentences to be served consecutive to one another, but concurrent to the felonious assault.[2]

On July 29, 2013, on appeal from Petitioner Johnson's new sentence, the court of appeals again reversed his sentence and remanded for resentencing; specifically, the court directed the trial court to hold a hearing on whether consecutive sentences were appropriate.[3]

On March 18, 2013, Johnson filed a petition under 28 U.S.C. § 2254.[4] He asserts two grounds for relief. First, he says that pervasive prosecutorial misconduct deprived him of his right to a fair trial, to due process, and to a fair and reliable determination of his guilt.[5] Second, he says that the imposition of consecutive sentences on his four convictions when the same conduct served as the basis for each conviction violates his right to be free from double jeopardy.[6]

On May 21, 2013, Respondent moved to dismiss Johnson's petition because it contains one exhausted and one unexhausted claim.[7] For his response, Johnson says that the Court should stay

---

[2] *State v. Johnson*, No. 12CA0050-M, 2013 WL 3944210, at *1 (Ohio Ct. App. July 29, 2013) (citation omitted).
[3] *Id.* at *2-3.
[4] Doc. 1.
[5] *Id.* at 5.
[6] *Id.* at 7.
[7] Doc. 8 at 5.

-2-

Case No. 1:13-CV-00582
Gwin, J.

his petition until he exhausts his unexhausted claim.[8/] Magistrate Judge McHargh recommends that the Court dismiss Johnson's petition without prejudice so that he can refile it.[9/] Petitioner filed a timely objection to the Report and Recommendation.[10/]

## II. Analysis

Before bringing a § 2254 claim in federal court, a petitioner must exhaust his available state remedies by giving the state courts the opportunity to rule on his claims.[11/] Here, Petitioner does not dispute that his present petition is a mixed petition—a petition with both exhausted and unexhausted claims—because the Ohio courts are still adjudicating his sentencing claim.[12/] A court presented with a mixed petition has four choices: 1) dismiss it, 2) stay it, 3) allow the exhausted claims to proceed, or 4) adjudicate all of the claims if none have merit.[13/]

Johnson says that the Court should stay his petition. He says that because there is a risk that the statute of limitations may expire on his exhausted claim while he litigates his unexhausted claim a stay is appropriate.[14/] The stay-and-abeyance option is used when dismissing a mixed petition might cause the statute of limitations to expire on some or all of his claims.[15/] But Johnson is not in danger of having the limitations period lapse for either of his claims.

---

[8/]Doc. 9 at 3.
[9/]Doc. 15.
[10/]Doc. 18. Respondent has also filed a response. Doc. 19.
[11/]*Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).
[12/]*See* Doc. 18 at 1 ("Petitioner's Petition is a mixed Petition, some claims have been exhausted in State Court while others have no because direct review is not final").
[13/]*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009).
[14/]Doc. 18 at 4 ("If the Petitioned [sic] is dismissed and Mr. Johnson's new sentence is concurrent and not consecutive, the limitations period on his First Ground of Relief could expire."); *see also Pliler v. Ford*, 542 U.S. 225, 230-31 (2004) ("The stay-and-abeyance procedure involves three steps: first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.").
[15/]*Pliler*, 542 U.S. at 230.

Case No. 1:13-CV-00582
Gwin, J.

In *Rashad v. Lafler*,[16] relying on the recent *Burton v. Stewart* decision,[17] the Sixth Circuit held that the statute of limitations does not run on any habeas claim until the petitioner's sentence is final.[18] The court specifically rejected the idea that there are two judgments in a criminal conviction, one for the conviction and the other for the sentence.[19] Accordingly, the statute of limitations for Johnson's Section 2254 petition has not begun to run on either of Johnson's claims because he does not have a final sentence yet.

Johnson makes three points in response to Magistrate Judge McHargh's analysis. First, he says that the State might argue that his sentencing claim has already been exhausted, and so the statutory period would already have begun to run.[20] It is irrelevant when a claim became exhausted for the purposes of the statute of limitations. The statute of limitations refers to "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[21] The date the judgment becomes final is the date Johnson's sentence becomes final.[22] Accordingly, this argument fails.

Second, Johnson says that if he is successful in his sentencing litigation, his second ground will be moot and he "may be foreclosed from seeking relief because it will not be a mixed Petition

---

[16] 675 F.3d 564 (6th Cir. 2012).
[17] 549 U.S. 147 (2007).
[18] *Rashad*, 675 F.3d at 567-69 ("Rashad's judgment did not become final after his first round of direct review because he no longer was subject to a sentence. The judgment became final upon the conclusion of direct review of the new sentence he received at resentencing.").
[19] *Id.* at 568 ("A contrary approach would require Rashad to bifurcate the claims arising from his criminal case into distinct judgments—one related to the conviction, one related to the sentence. Yet the AEDPA statute of limitations speaks of one 'judgment,' not many. And Burton tells us the 'judgment in a criminal case means sentence.'" (citations omitted)).
[20] Doc. 18 at 1-2.
[21] 28 U.S.C. § 2244(d)(1)(A).
[22] *See Rashad*, 675 F.3d at 567-69.

-4-

Case No. 1:13-CV-00582
Gwin, J.

and will be beyond the one-year statute of limitations *from exhaustion of state court remedies.*"[23]
This argument fails for the same reason: the statute of limitations runs from the date his sentence becomes final.

Finally, Johnson says that there is case law "to support the argument that the statute of limitations is claim based and not anchored to a final resolution of the entire case."[24] In support of this argument, Johnson cites two Eleventh Circuit cases[25] and the Supreme Court case *Rose v. Lundy*.[26] *Rose v. Lundy* does not address the question of when a judgment becomes final for habeas purposes. And the two Eleventh Circuit cases were decided before *Burton v. Stewart* and *Rashad v. Lafler*, which are binding precedent for this Court. Indeed, as Petitioner acknowledges,[27] the Eleventh Circuit has said that *Burton v. Stewart* implies that "AEDPA's statute of limitations begins to run from the date both the conviction *and* the petitioner's sentence become final because judgment is based on both the conviction and the sentence."[28]

Therefore, Johnson's grounds for relief will not become time-barred until one year after the date his new sentence becomes final.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of

---

[23] Doc. 18 at 2 (emphasis added).
[24] *Id.*
[25] *Brooks v. Sec'y, Dep't of Corr.*, 201 F. App'x 725 (11th Cir. 2006); *Boone v. Sec'y Dep't of Corr.*, 371 F.3d 1317 (11th Cir.), *vacated by* 377 F.3d 1315 (11th Cir. 2004).
[26] 455 U.S. 509 (1982).
[27] *See* Doc. 9 at 2-3 (citing a case which "suggests that the Eleventh Circuit has since abandoned the reasoning of its holdings in Brooks and Boone").
[28] *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (emphasis in original).

-5-

Case No. 1:13-CV-00582
Gwin, J.

Magistrate Judge McHargh and **DISMISSES WITHOUT PREJUDICE** the petition.

    IT IS SO ORDERED


Dated: October 8, 2013                  s/       *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE